DIVISION OF CHILD SUPPORT
ENFORCEMENT, Appellant,

v.

Renauld L. SHELTON and Sebrina
E. Fletcher, Respondents.

No. WD 57637.

Missouri Court of Appeals,
Western District.

June 27, 2000.

Robert D. Noland, Kansas City, for appellant.

Laura J. Duchardt, Kansas City, for respondent.

PAUL M. SPINDEN, Judge.

The Division of Child Support Enforcement appeals the circuit court's judgment denying the division's motions to intervene and to set aside an order. Renauld Shelton argues that the division was already a party to the action and that the circuit court did not err in denying the motion to set aside. We remand the case to the circuit court with instructions.

In an order dated January 23, 1992, the circuit court found that Shelton was the biological father of Sebrina Fletcher's two children. The circuit court ordered Shelton to pay $250 a month in child support. Fletcher assigned her right to receive child support to the division so it could collect any payments up to the amount of public assistance she received for the children.

On April 14, 1999, Fletcher filed a document denominated a "Satisfaction of Judgment," in which she acknowledged "satisfaction of judgment of all child support arrearages due and owing by [Shelton]." They captioned the case with only Fletcher's and Shelton's names but used the original case number and mailed a copy to the division. On the same day, Fletcher and Shelton filed a "Stipulation and Agreement" stating that Shelton's child support obligation had been satisfied because the parties shared custody and expenses.

On May 14, 1999, the division filed a document asserting an arrearage of $14,586 in the child support payments due

it from Shelton. Five days later, the circuit court entered an order which recognized the agreement between Shelton and Fletcher and said, "[T]he child support division and the bookkeeping department shall reflect zero arrearages and zero balance due on the child support records for this case." The division filed a motion to intervene and to set aside the circuit court's order. The circuit court denied the motions, and the division appealed.

We will reverse the circuit court's decision if it erroneously declares or applies the law. *Estate of Langhorn v. Laws*, 905 S.W.2d 908, 910 (Mo.App.1995). The circuit court did not err in denying the division's order to intervene because the division was already a party. The division filed the initial petition to determine paternity and the administrative default order setting an amount for child support. Shelton and Fletcher did not include the division in the captions of the two documents they filed, but they mailed at least one of them to the division and used the same case number as the paternity action. In addition, the division filed a statement of arrearages after the parents filed their agreement, indicating that the division was aware of the activity in the case.

The pleading itself, not the caption, determines which parties are essential. *McBee v. Gustaaf Vandecnocke Revocable Trust*, 986 S.W.2d 170, 172 (Mo. banc 1999). Because the pleading implicated Shelton's responsibility to pay child support and because Fletcher assigned a right to collect payment to the division, the division was a necessary party. Rule 52.04(a)(2)(i). The circuit court need not have granted the division's motion to intervene, however, as it was already a party.

The circuit court erroneously applied the law when it treated its order of May 19, 1999, as a final judgment. It was not. The circuit court did not denominate its order as a "judgment" or "decree," and this prohibited it from be-

ing deemed a judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997). Indeed, the original paternity and administrative default orders are not proper judgments under *Hughes,* either, but the parties did not contest the validity of the orders. Because of this and because they performed duties and accepted benefits pursuant to the orders, those orders are enforceable as though they were final judgments. *State of Missouri, ex rel. York v. Daugherty,* 969 S.W.2d 223, 225 (Mo. banc 1998).

■ Even if the May 19, 1999, order were a judgment, the circuit court erred in endeavoring to enforce it against the division. Fletcher and Shelton could not unilaterally eliminate the division's right to collect child support payments as reimbursement for public assistance paid to Fletcher for the children. Section 454.465.2 [1] states, "No agreement between any obligee and any obligor regarding any duty of support, or responsibility therefor, or purporting to settle past, present, or future support obligations either as settlement or prepayment shall act to reduce or terminate any rights of the division to recover from that obligor for public assistance provided." This precludes the circuit court from approving any action between the parties which attempts to extinguish a debt owed to the division. *Dycus v. Cross,* 869 S.W.2d 745, 751 (Mo. banc 1994); *see also Eston v. Aman,* 847 S.W.2d 902 (Mo.App.1993).

Fletcher relied on Rule 74.11 in entering into the satisfaction. This rule allows a person owed money pursuant to a judgment to acknowledge to the court payment of the debt. Rule 74.11(b) allows the judgment creditor, his attorney of record, or an agent to acknowledge satisfaction of the judgment. Fletcher could acknowledge satisfaction of only the debt that Shelton owed to her. The division was the judgment creditor for the portion of child sup-

port that Fletcher assigned. The circuit court erred in reducing the amount that Shelton owed to the division.

For these reasons, we remand the case to the circuit court with instructions that it set aside its order to the extent that it extinguishes Shelton's obligation to the division.

THOMAS H. NEWTON, Presiding Judge, and JAMES M. SMART, Judge, concur.

1. All statutory citations refer to the 1999 Supplement to the Revised Statutes unless otherwise stated.