William T. BROWN, D.O. and Judith
Brown, Appellants,

v.

HARRAH'S NORTH KANSAS CITY,
L.L.C., Respondent.

No. SC 88298.

Supreme Court of Missouri,
En Banc.

June 26, 2007.

Christopher P. Sweeny, John E. Turner, John P. O'Connor, Kansas City, for Appellants.

R. Kent Sellers, Richard D. Rhyne, Matthew R. Hubbard, Kansas City, for Respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

William T. Brown, D.O., appeals the entry of summary judgment in favor of Harrah's North Kansas City on Dr. Brown's tort claims of negligence, malicious prosecution, false arrest, and intentional infliction of emotional distress. Dr. Brown challenges the trial court's interpretation of section 610.126, RSMo 2000, as statutorily precluding his cause of action. After opinion by the Court of Appeals, Western District, this Court granted transfer. Mo. Const. art. V, sec. 10. The judgment of the trial court is reversed.

In March 2000, Harrah's accused Dr. Brown of cheating in its casino and banned him from its property. Harrah's issued a report of the incident to the Missouri Gaming Commission and the Clay County, Missouri, prosecutor. On the basis of this

report, the Gaming Commission applied for an arrest warrant for Dr. Brown.

Ten months later, Dr. Brown spoke with Harrah's general manager regarding the incident. On February 3, 2001, after an investigation of the matter, the security manager sent Dr. Brown a letter of apology, stating that it was clear that the "situation could have been handled in a better manner." Harrah's, however, informed neither the Gaming Commission nor the investigating prosecutor that it sent this letter to Dr. Brown.

Approximately a year later, in March 2002, while in Miami, Florida, on vacation, Dr. Brown was arrested on the outstanding warrant and transported to the Dade County jail, where he was held for three and a half days before his attorney could secure his release on Dr. Brown's promise that he would return to Missouri. While in jail, Dr. Brown alleges that he was humiliated, beaten by a fellow inmate, and suffered emotional distress. Upon Dr. Brown's return to Missouri, his attorney furnished the prosecutor a copy of the letter from Harrah's, and the charges were dismissed.

Thereafter, Dr. Brown and his wife filed this suit against Harrah's, alleging various tort claims as a result of the arrest. While his litigation against Harrah's was pending, Dr. Brown also filed a petition seeking expungement of his arrest records pursuant to sections 610.122 to 610.125, RSMo 2000, which permit expungement in cases in which there was no probable cause for the arrest. After notice to law enforcement agencies, the Clay County Circuit Court entered an "order of expungement" on February 20, 2004.

Then, on April 6, 2005, Harrah's filed a summary judgment motion in the pending tort case, claiming that section 610.126 precluded Dr. Brown from legally maintaining his lawsuit since an expungement order had been entered in his favor.[1] In response, Dr. Brown argued that summary judgment was inappropriate because his lawsuit was not brought "subsequent to the expungement" of his arrest records; rather, he initiated his suit prior to the order of expungement.

■ On May 27, 2005, the trial court granted Harrah's motion for summary judgment, finding that because Dr. Brown "had obtained an expungement of the record of his arrest giving rise to the instant action," section 610.126 applies, and, thus, he is "statutor[il]y barred from bringing this action." Appellate review of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

■ This case centers on the interpretation of section 610.126.3, which provides:

> The petitioner shall not *bring* any action *subsequent* to the expungement against any person or agency relating to the arrest described in the expunged records.

1. The following day, April 7, Dr. Brown filed a motion to vacate the expungement order in the circuit court based on section 610.122, which provides that arrest records may be expunged only if "[n]o civil action is pending relating to the arrest or the records sought to be expunged." That same day, the circuit court granted the motion and vacated the earlier expungement order, finding that it had been entered "without appropriate legal and statutory authority." This order was appealed by the State of Missouri and the State Highway Patrol and is the subject of a related opinion in this Court. *See In re Expungement of Arrest Records Related to William T. Brown, Jr. v. State of Missouri* and *Missouri State Highway Patrol*, 226 S.W.3d 147, 2007 WL 1816889 (Mo. banc 2007).

(Emphasis added.) Dr. Brown contends that the trial court erred in granting Harrah's motion for summary judgment, arguing that the plain language of section 610.126.3 only precludes the filing of a cause of action *after* the arrest records are expunged. In response, Harrah's argues that the statute should be read broadly, so that the term "bring any action" applies not only to suits when initially filed, but also to the maintenance or advancement of the suits thereafter. Harrah's explains that because Dr. Brown's suit continued to be "brought" after the expungement of his arrest records, the prohibition in section 610.126.3 applies.

Dr. Brown has the correct position. In *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 858 (Mo. banc 2001), this Court held that the plain and ordinary meaning of "brought" as used in a venue statute means "when the petition is initially filed." In view of this precedent, and giving the words of section 610.126.3 their plain and ordinary meaning, this Court holds that to "bring an action" refers only to the initial filing of the action. Therefore, despite the fact that the suit was still pending after the arrest records were expunged, section 610.126.3 does not apply to those persons, like Dr. Brown, who initially filed suit before the expungement.

Relying on section 610.122.5, RSMo 2000, Harrah's also contends that section 610.126.3 should be read broadly because "the legislature made expungement available only as a mutually exclusive alternative to litigation about the arrest." Section 610.122.5 provides that an expungement shall not be entered if a "civil action is pending relating to the arrest or the records sought to be expunged." However, Harrah's has overlooked that the statutes allow a plaintiff to prosecute the cause of action to a final judgment and, thereafter, to seek an order of expungement consistent with section 610.122. Thus, these are not mutually exclusive remedies.

It is undisputed that Dr. Brown and his wife filed their lawsuit against Harrah's on January 2, 2003, and that the expungement order was not entered by the circuit court until February 20, 2004. Therefore, because Dr. Brown's cause of action was brought prior to the expungement of his arrest records, it was not barred by section 610.126.3.

Reversed and remanded.

WOLFF, C.J., LAURA DENVIR STITH, TEITELMAN, RUSSELL, and WHITE, JJ., and COHEN, Sp.J., concur.

PRICE, J., not participating.