### In re EXPUNGEMENT OF ARREST RECORDS RELATED TO William T. BROWN, Jr., Respondent,

v.

### STATE of Missouri and Missouri State Highway Patrol, Appellants.

No. SC 88172.

Supreme Court of Missouri,
En Banc.

June 26, 2007.

See also 226 S.W.3d 145, 2007 WL 1816857.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for Appellants.

Christopher P. Sweeney, John E. Turner, J ohn P. O'Connor, Kansas City, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

## INTRODUCTION

This is an appeal from an order and judgment that vacated a previous order of expungement entered almost fourteen months earlier. The judgment of the trial court is reversed. The Court holds that the Respondent William Brown is estopped from challenging the propriety of the original order granting expungement.

## I. FACTS AND PROCEDURE

In March 2000, Respondent William Brown was accused of cheating at a Harrah's casino. The incident was reported to authorities and an arrest warrant issued. Later, Harrah's conducted an investigation

into the allegations and concluded that it had made a mistake. However, Harrah's neglected to tell the authorities, and Brown was arrested pursuant to the warrant in Dade County, Florida. After being incarcerated for a few days, Brown was released and subsequently surrendered himself to authorities in Clay County, Missouri.

In January 2003, Brown filed a civil suit against Harrah's based upon the Dade County arrest. About a year after filing this suit, Brown filed a petition in Clay County seeking to have the record of his arrest expunged pursuant to sections 610.122 to 610.126.[1] On February 20, 2004, the trial court entered an order directing every party named in his petition to destroy any of his arrest records in their possession. The order was fashioned after the form accompanying Rule 155.04 ("Order of Expungement of Arrest Records") and, accordingly, did not bear the word "judgment" in its title.[2]

In April 2005, over a year after the trial court entered its order of expungement, Harrah's filed a motion to dismiss Brown's civil suit, arguing that section 610.126 prohibited Brown from bringing or maintaining a civil case based upon an arrest, the record of which has been expunged.[3] Brown then filed a motion in this case asking the trial court to vacate the order

that expunged his arrest records. He claimed that he realized that he was not entitled to the expungement because he had not complied with all of the requirements of sections 610.122 to 610.126 in that he did not file a verified petition in accordance with section 610.123.1 [4] and had initiated a civil action in contravention of 610.122.5.[5]

On the same day Brown filed this motion, without notice to the Highway Patrol (hereinafter referred to as "the State") or any of the other law enforcement agencies, the trial court vacated the previous expungement order because it was "entered without appropriate legal and statutory authority." The State moved to set aside this ruling and on May 5, 2005, the court held a hearing on that motion.

The court found that its expungement order was "without authority and void" because of the pending civil action. The court stated that Brown would be allowed to petition the court later in order to have the records expunged if and when the statutory requirements were satisfied. The State appealed the trial court's decision to vacate its prior order. This Court ordered transfer of the case after opinion by the court of appeals. Mo Const. art. V, sec. 10.

1. All statutory references are to RSMo 2000, unless otherwise noted.

2. Rule 155.04 and the accompanying form titled "Order of Expungement" largely track the language of section 610.123.4. For purposes of designating finality, the rule and corresponding form should include the term "Judgment." *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997); Rule 74.01(a).

3. This question is the subject of another related case in front of this Court, *Brown v. Harrah's North Kansas City, L.L.C.*, 226 S.W.3d 145 (Mo. banc 2007).

4. Section 610.123.1 provides, "[a]ny person who wishes to have a record of arrest expunged pursuant to section 610.122 may file a verified petition for expungement in the civil division of the circuit court in the county of the arrest."

5. Section 610.122 provides, "any record of arrest recorded pursuant to section 43.503, RSMo, may be expunged if the court determines that the arrest was based on false information and ... (5) No civil action is pending relating to the arrest or the records sought to be expunged."

## II. DISCUSSION

### A. Standard of Review

■ The facts of this case are essentially uncontroverted. Because there is no factual dispute bearing on the issues in question, the Court reviews to determine whether the trial court properly declared and applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### B. The Order of Expungement Was Not Void

■ The trial court vacated the original expungement order as "without authority and void" because Brown's civil action was pending when he filed his expungement action. Brown argues that the trial court's failure to properly consider the pending civil case under section 610.122(5) resulted in a void order.

■ An order or judgment is "void" if the court from which it is issued did not have jurisdiction over the parties, over the subject matter, or in some rare instances where due process rights have been violated. *Am. Econ. Ins. Co. v. Powell*, 134 S.W.3d 743, 748 (Mo.App.2004). There is no allegation that the trial court did not have personal jurisdiction over the parties to the action. Neither party asserts due process violations. Brown's argument that the order was void is best characterized as a claim that the trial court did not have subject matter jurisdiction to issue the order because statutory prerequisites were not met.

■ "Subject matter jurisdiction is a tribunal's statutory authority to hear a particular kind of claim. The court must have cognizance of the class of cases to which the one to be adjudged belongs." *In re Marriage of Hendrix*, 183 S.W.3d 582, 588 (Mo. banc 2006) (internal citations and quotation marks omitted). "The fail-ure to distinguish between the 'erroneous exercise of jurisdiction' and the 'want of jurisdiction' is a fruitful source of confusion and errancy of decision." *Taylor v. Taylor*, 47 S.W.3d 377, 387 (Mo.App.2001).

Section 610.123.1 provides that a party seeking to obtain an expungement must file a petition in the "civil division of the circuit court in the county of arrest." Clay County was the proper county to hear the action under this section. The trial court had jurisdiction to order the expungement. Its erroneous exercise of that jurisdiction does not render the order void. *See Fryer v. S.C. Law Enforcement Div.*, 369 S.C. 395, 631 S.E.2d 918, 920 (S.C.Ct.App.2006).

### C. Brown is Estopped from Attacking the Validity of the Expungement Order

■ Both parties focus significant portions of their argument on the bright-line rule that a judgment must be expressly denominated as such in order to be a final, appealable judgment. *See City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). Because the court ruling here was titled "order" instead of "judgment," Brown argues that it was not final and was subject to the trial court's continuing jurisdiction. Brown misses the point and we need not address this concern. Even assuming that the original expungement order was not final and was subject to the continuing jurisdiction of the trial court, it was error to vacate it.

Brown filed an action alleging facts and praying for the remedy of expungement. The trial court entered the order requested and Brown was the beneficiary of the expungement of his arrest record. In reliance upon the order and mindful of the criminal penalties associated with failing to

expunge pursuant to the order,[6] the State destroyed Brown's records as he requested. If the trial court were allowed to vacate its order at this time, it would place the State in the untenable position of being compelled to accurately recreate destroyed arrest records. In the unique situation of expungement, judicial estoppel precludes an individual who seeks and obtains an order of expungement from seeking to have that order vacated more than one year later. *See State ex rel. York v. Daugherty*, 969 S.W.2d 223 (Mo. banc 1998); *State ex rel Dept. of Social Services v. Houston*, 989 S.W.2d 950 (Mo. banc 1999); *Div. of Child Support Enforcement v. Fletcher*, 25 S.W.3d 165 (Mo.App.2000) (holding party estopped from challenging order even though not denominated "judgment" in accord with *Hughes* ).

### III. CONCLUSION

The judgment of the trial court vacating its previously entered order of expungement is reversed.

All concur.

---

6.  Section 610.125.1 provides that, "[a] person subject to an *order* of the court ... who knowingly fails to expunge or obliterate ... arrest information which has been ordered expunged ... is guilty of a class B misdemeanor." (emphasis added).