

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| C.S., | ) | *Opinion issued July 22, 2025* |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC100944 |
| | ) | |
| MISSOURI STATE HIGHWAY | ) | |
| PATROL CRIMINAL JUSTICE | ) | |
| INFORMATION SERVICE; | ) | |
| LAFAYETTE PROSECUTING | ) | |
| ATTORNEY, | ) | |
| | ) | |
| Respondents. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF LAFAYETTE COUNTY**
The Honorable Dennis A. Rolf, Judge

C.S. appeals from a judgment denying his amended petition to expunge his conviction for one count of unlawful use of a weapon for "possessing a firearm while knowingly in possession a controlled substance." Because the offense of unlawful use of a weapon is not a "marijuana offense" within the meaning of article XIV, § 2 of the Missouri Constitution, the circuit court's judgment is affirmed.

## Facts and Procedural History

In 2020, C.S. pleaded guilty to two criminal charges in the Lafayette County circuit court: one count of the class D felony of possession of a controlled substance for possessing

more than 35 grams of marijuana in violation of § 579.015[1] (Count I); and one count of the class E felony of unlawful use of a weapon for "possessing a firearm while knowingly in possession a controlled substance" in violation of § 571.030.1(11) (Count II).  The circuit court sentenced C.S. to seven years' imprisonment and four years' imprisonment, respectively, but suspended the execution of C.S.'s sentence.  C.S.'s probation was revoked in 2021, and C.S. has been incarcerated since then.

On November 8, 2022, Missourians approved Amendment 3.  In relevant part, that constitutional amendment contains an expungement provision that allows incarcerated individuals who are "serving a sentence for a marijuana offense which is a misdemeanor, a class E felony, or a class D felony, or successor designations, involving possession of three pounds or less of marijuana" to petition the sentencing court to vacate their sentence and order their immediate release.  Mo. Const. art. XIV, § 2.10(7)(a)c.

In August 2023, C.S. filed an amended petition in the Lafayette County circuit court requesting that the sentencing court expunge both of his 2020 convictions.  C.S. alleged both of his convictions were eligible for expungement because both convictions involved the possession of less than three pounds of marijuana and did not involve "distribution to a minor, violence, or operating a motor vehicle."  The Missouri State Highway Patrol Central Repository filed a motion to intervene, which the circuit court sustained.

The circuit court expunged C.S.'s conviction for possession of a controlled substance.  The circuit court denied C.S.'s amended petition to expunge Count II, reasoning

---

[1] All statutory references are to RSMo 2016, unless otherwise indicated.

that unlawful use of a weapon is a "weapons offense" that is not eligible for expungement pursuant to article XIV, § 2.10(7)(a)c.  C.S. appeals.[2]

## Standard of Review

"Because there is no factual dispute bearing on the issues in question, the Court reviews to determine whether the trial court properly declared and applied the law." *In re Expungement of Arrest Records Related to Brown v. State*, 226 S.W.3d 147, 150 (Mo. banc 2007).  Questions of law, such as constitutional and statutory interpretation, are reviewed *de novo*.  *Fletcher v. Young*, 689 S.W.3d 161, 164 (Mo. banc 2024).

## Analysis

As relevant here, C.S. was convicted of one count of class E felony of unlawful use of a weapon for "possessing a firearm while knowingly in possession a controlled substance" in violation of § 571.030.1(11).  C.S.'s conviction for unlawful possession of a firearm may be expunged if it is a "marijuana offense."  Mo. Const. art. XIV, § 2.10(7)(a)c. This expungement provision permits:

> Any person currently incarcerated in a prison, jail, or halfway house, whether by trial or negotiated plea:
>
> ….
>
> c. Who is serving a sentence for a marijuana offense which is a misdemeanor, a class E felony, or a class D felony, or successor designations, involving possession of three pounds or less of marijuana, excluding offenses involving distribution or delivery to a minor, any offenses involving violence, or any offense of operating a motor vehicle while under the influence of marijuana; [to] petition the sentencing court to vacate the sentence, order immediate release from incarceration and other supervision by the department of

---

[2] This Court transferred the case following an opinion by the court of appeals and has jurisdiction pursuant to article V, § 10 of the Missouri Constitution.

corrections, and the expungement of all government records of the case. Such expungement from all government records shall be granted for all of the person's applicable marijuana offenses, absent good cause for denial.

Mo. Const. art XIV, § 2.10(7)(a)c.

"This Court's primary goal in interpreting Missouri's constitution is to ascribe to the words of a constitutional provision the meaning that the people understood them to have when the provision was adopted." *State v. Honeycutt*, 421 S.W.3d 410, 414-15 (Mo. banc 2013) (internal quotations omitted) (internal quotations omitted). "[E]very word contained in a constitutional provision has effect, meaning, and is not mere surplusage." *Id.* at 415. "The meaning conveyed to the voters" comes from "the ordinary and usual meaning" of the words used. *Boone Cnty. Ct. v. State*, 631 S.W.2d 321, 324 (Mo. banc 1982), *superseded on other grounds by* Mo. Const. art. VI, § 11. When a constitutional provision defines a certain word or phrase, "that construction supersedes the commonly accepted dictionary or judicial definition, and it is binding on the courts." *Ivie v. Smith*, 439 S.W.3d 189, 203 (Mo. banc 2014). In the absence of a definition, the ordinary meaning of the words is derived from the dictionary. *Zahner v. City of Perryville*, 813 S.W.2d 855, 858 (Mo. banc 1991). The constitutional provision should be "considered as a whole," with the "primary objectives of the provision in issue" in mind. *Mo. Prosecuting Att'ys v. Barton Cnty.*, 311 S.W.3d 737, 742 (Mo. banc 2010) (internal quotations omitted).

The Missouri Constitution does not define "marijuana offense." In article XIV, § 2, "marijuana" means "*Cannabis indica*, *Cannabis sativa*, and *Cannabis ruderalis*, hybrids of such species, and any other strains commonly understood within the scientific community to constitute marijuana, as well as resin extracted from the marijuana plant and marijuana-

4

infused products." Mo. Const. XIV, § 2.2(13). In the criminal law context, "offense" is defined as "an infraction of law." *Offense, Webster's Third New International Dictionary* (1961).

Putting these words together, C.S. proposes a "but-for" test: if any of the elements of the underlying offense involve the "personal use" of marijuana, then the underlying offense is a "marijuana offense." But this argument views the expungement provision in isolation without regard to the rest of article XIV, § 2.[3]

Article XIV, § 2.3 expressly limits the scope of the entire constitutional scheme. This provision provides, "Except as otherwise provided in this Article, this section does not preclude, limit, or affect laws that assign liability relative to, prohibit, or otherwise regulate: … [c]onduct that endangers others." Mo. Const. art. XIV, § 2.3(1)(j).[4]

---

[3] C.S. argues his meaning of "marijuana offense" is the only way to give effect to the listed exceptions in article XIV, § 2.10(7)(a)c. The only offenses that do not meet C.S.'s "but-for" test, C.S. claims, are "offenses involving distribution or delivery to a minor, any offenses involving violence, or any offense of operating a motor vehicle while under the influence of marijuana." Mo. Const. art. XIV, § 2.10(7)(a)c. This is not the rare case in which *expressio unius est exclusio* (or, in English, omissions shall be understood as exclusions) applies. That maxim "is to be used with great caution" and applies "only when it would be natural to assume by a strong contrast that that which is omitted must have been intended for the opposite treatment." *Six Flags Theme Park, Inc. v. Dir. of Revenue*, 179 S.W.3d 266, 270 (Mo. banc 2005); *Springfield City Water Co. v. City of Springfield*, 182 S.W.2d 613, 618 (Mo. 1944). And that maxim is weak in constitutional cases. *McGrew v. Mo. Pac. Ry. Co.*, 132 S.W. 1076, 1084 (Mo. banc 1910), *overruled on other grounds by McGrew Coal Co. v. Mellon*, 287 S.W. 450 (Mo. banc 1926). There is no indication that article XIV, § 2.3's limitations do not apply to article XIV, § 2.3's expungement provisions.

"Endangers" means "to bring into danger or peril of probable harm or loss … to create a dangerous situation." *Endanger*, *Webster's Third New International Dictionary* (1961).

---

[4] This provision illustrates 10 other limitations on article XIV, § 2:

(1) Except as otherwise provided in this Article, this section does not preclude, limit, or affect laws that assign liability relative to, prohibit, or otherwise regulate:

(a) Delivery or distribution of marijuana or marijuana accessories, with or without consideration, to a person younger than twenty-one years of age;

(b) Purchase, possession, use, or transport of marijuana or marijuana accessories by a person younger than twenty-one years of age;

(c) Consumption of marijuana by a person younger than twenty-one years of age;

(d) Operating or being in physical control of any motor vehicle, train, aircraft, motorboat, or other motorized form of transport while under the influence of marijuana. Notwithstanding the foregoing, a conviction of a person who is at least twenty-one years of age for any applicable offenses shall require evidence that the person was in fact under the influence of marijuana at the time the person was in physical control of the motorized form of transport and not solely on the presence of tetrahydrocannabinol (THC) or THC metabolites, or a combination thereof, in the person's system;

(e) Consumption of marijuana while operating or being in physical control of a motor vehicle, train, aircraft, motorboat, or other motorized form of transport while it is being operated;

(f) Smoking marijuana within a motor vehicle, train, aircraft, motorboat, or other motorized form of transport while it is being operated;

(g) Possession or consumption of marijuana or possession of marijuana accessories on the grounds of a public or private preschool, elementary or secondary school, institution of higher education, in a school bus, or on the grounds of any correctional facility;

(h) Smoking marijuana in a location where smoking tobacco is prohibited;

(i) Consumption of marijuana in a public place, other than in an area licensed by the authorities having jurisdiction over the licensing and/or permitting of said activity, as set forth in subsection 5 of this section;

….

(k) Undertaking any task while under the influence of marijuana, if doing so would constitute negligence, recklessness, or professional malpractice; or

(l) Performing solvent-based extractions on marijuana using solvents other than water, glycerin, propylene glycol, vegetable oil, or food-grade ethanol, unless licensed for this activity by the department.

6

To give effect to this provision, a court must look to whether the purpose of the statute underlying the challenged conviction is to prevent conduct that "create[s] a dangerous situation."

Section 571.030(11) provides a "person commits the offense of unlawful use of weapons … if he or she knowingly: … [p]ossesses a firearm while also knowingly in possession of a controlled substance that is sufficient for a felony violation of section 579.015."  "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Sun Aviation, Inc. v. L-3 Comm'ns Avionics Sys., Inc.*, 533 S.W.3d 720, 723 (Mo. banc 2017) (internal quotations omitted).  "When construing a statute, the Court considers the object the legislature seeks to accomplish and aims to resolve the problems addressed therein." *State ex rel. Nixon v. QuikTrip Corp.*, 133 S.W.3d 33, 37 (Mo. banc 2004).

The primary purpose of § 571.030(11) is to criminalize conduct that increases the risk of danger to others.  First, the fact that possession of a controlled substance and unlawful use of a firearm while possessing a controlled substance are different crimes means these statutes serve "separate and distinct purposes." *State v. Onyejiaka*, 671 S.W.3d 796, 800 (Mo. banc 2023). "Section 579.015 prohibits and punishes certain drug-related conduct.  On the other hand, section 571.030 prohibits and punishes specified types of improper conduct involving a firearm." *Id.*  "Accordingly, [t]he statutes protect against separate and distinct evils[.]" *Id.*  (alteration in original) (internal quotations omitted). In enacting § 571.030(11), the General Assembly, therefore, concluded that possessing a controlled substance while engaged in otherwise lawful conduct—here, the act of

7

possessing a firearm—makes the act of possessing a firearm unlawful. This represents a legislative conclusion that possessing a firearm while also in possession of a controlled substance increases the inherent risk in possessing a firearm.

The legislative history of section 571.030(11) further supports this conclusion. Section 571.030(11) was created in a bill titled "AN ACT … relating to firearms." S.B. No. 656 (2014). And the General Assembly placed this provision in chapter 571, along with other provisions criminalizing "the offense of unlawful use of weapons." In contrast, controlled substance offenses are typically codified in chapter 579. *See, e.g.*, § 579.015.1 (criminalizing "the offense of possession of a controlled substance"); § 579.020.1 (creating the "offense of delivery of a controlled substance"). The "title of a statute is necessarily a part thereof and is to be considered in construction." *Bullington v. State*, 459 S.W.2d 334, 341 (Mo. 1970). The section and chapter that a statutory provision is codified in is also indicative of legislative intent. *See State v. Wade*, 421 S.W.3d 436 (Mo. banc 2013).

Finally, the other provisions of § 571.030 demonstrate the primary purpose of § 571.030(11) is to penalize "[c]onduct that endangers others." Mo. Const. art. XIV, § 2.3(1)(j). For example, § 571.030(4) applies when a person knowingly "[e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." Section 571.030(10) prohibits a person from knowingly carrying "a firearm, whether loaded or unloaded, or any other weapon readily capable of lethal use into any school, onto any school bus, or onto the premises of any function or activity sponsored or sanctioned by school officials or the district school board." And § 571.030(5)

criminalizes when a person knowingly "[h]as a firearm or projectile weapon readily capable of lethal use on his or her person, while he or she is intoxicated, and handles or otherwise uses such firearm or projectile weapon in either a negligent or unlawful manner or discharges such firearm or projectile weapon unless acting in self-defense." All of these provisions cover conduct that necessarily increases the risk of danger to others. Because § 571.030(11) is codified in the same statute as these provisions, it stands to reason the General Assembly concluded that possessing a firearm while also possessing a controlled substance similarly creates a dangerous situation.

Moreover, article XIV, § 2.10 provides the "following acts by a person at least twenty-one years of age are not unlawful and shall not be an offense under state law … :

> (a) Purchasing, possessing, consuming, using, ingesting, inhaling, processing, transporting, delivering without consideration, or distributing without consideration three ounces or less of dried, unprocessed marijuana, or its equivalent;
> (b) Possessing, transporting, planting, cultivating, harvesting, drying, processing, or manufacturing up to six flowering marijuana plants, six nonflowering marijuana plants (over fourteen inches tall), and six clones (plants under fourteen inches tall) provided the person is registered with the department for cultivation of marijuana plants under this section[.]

Furthermore, the stated purpose of article XIV, § 2 as a whole is to "prevent arrest and penalty for personal possession and cultivation of limited amounts of marijuana by adults twenty-one years of age or older." Mo. Const. art. XIV, § 2.1. "The fundamental purpose of constitutional construction is to give effect to the intent of the voters who adopted the Amendment." *Sch. Dist. of Kan. City v. State*, 317 S.W.3d 599, 605 (Mo. banc 2010) (alteration omitted) (internal quotations omitted).

Considering the offenses listed in article XIV, § 2.10 with the express purpose of article XIV, § 2, the meaning of "marijuana offense" becomes clear: only offenses that involve "[p]urchasing, possessing, consuming, using, ingesting, inhaling, processing, transporting, delivering without consideration, or distributing without consideration three ounces or less of dried, unprocessed marijuana, or its equivalent" are "marijuana offenses."

The purpose of § 571.030(11) is to prohibit "[c]onduct that endangers others." The circuit court correctly concluded the offense of unlawful possession of a firearm while in possession of a controlled substance is a firearms offense—not a "marijuana offense." Therefore, C.S.'s conviction for "possessing a firearm while knowingly in possession a controlled substance" is not expungable pursuant to article XIV, § 2.10(7)(a)c.

## Conclusion

The circuit court's judgment is affirmed.

_____
Zel M. Fischer, Judge


Powell, C.J., Wilson, Broniec, Gooch and Russell, JJ., concur;
Ransom, J., dissents in separate opinion filed.

10



# SUPREME COURT OF MISSOURI
## en banc

C.S., )
    Appellant, )
                          )
v. )     No. SC100944
                          )
MISSOURI STATE HIGHWAY )
PATROL CRIMINAL JUSTICE )
INFORMATION SERVICE; )
LAFAYETTE PROSECUTING )
ATTORNEY, )
    Respondents. )

## DISSENTING OPINION

In November 2022, Missouri voters were asked, among other aspects of Amendment 3, whether they wanted to amend the Missouri Constitution to "allow persons with certain marijuana-related non-violent offenses to petition for release from incarceration or parole and probation and have records expunged." Voters approved the measure. The text of the constitutional provision, as relevant to this case, permits an incarcerated individual to petition for expungement provided that the sentence being served is for "a marijuana offense" of a certain class that involves possession of less than a specified amount of marijuana and not for three enumerated groups of offenses. Mo. Const. art. XIV, sec. 2.10(7)(a)c. In my view, the offense of unlawful use of a weapon for which C.S. was sentenced—possession of a firearm while also possessing more than 35 grams of

marijuana—is unquestionably a "marijuana offense."  I respectfully dissent from the principal opinion's contrary conclusion.  I would reverse the judgment and remand this case to the circuit court.

**Factual and Procedural Background**

Following a traffic stop in February 2017, C.S. was charged with committing the class D felony of possession of a controlled substance by knowingly possessing marijuana in the amount of more than 35 grams.  The traffic stop was prompted by C.S. making an illegal U-turn while driving on I-70.  Upon contact with C.S., the law enforcement officer "noticed a faint smell of marijuana emitting from the vehicle."  After C.S.'s passenger, the owner of the automobile, gave consent to search, the law enforcement officer located approximately 8.5 grams of marijuana in a baggie in the automobile's glove box and an additional 75.1 grams of marijuana in a duffle bag in its trunk.  Also in the glovebox was an unloaded 9mm pistol and a magazine loaded with ammunition.  Based on the presence of the firearm in combination with that overall quantity of marijuana, the state charged C.S. with committing the class E felony of unlawful use of a weapon in addition to the class D felony of possession of a controlled substance.  C.S. pleaded guilty to both charges.  He received a suspended execution of sentence, but his probation was later revoked.  C.S. has been incarcerated since January 2021.

In June 2023, relying on the aforementioned constitutional provision, C.S. filed a *pro se* petition for expungement and, with counsel, later filed an amended petition.  In the amended petition, C.S. maintained both convictions were eligible for expungement.  The circuit court found: "[C.S.'s] sentences are for offenses involving less than 3 ounces of

2

marijuana and don't involve distribution to a minor, violence[,] or operating a motor vehicle." The circuit court expunged the conviction for possession of a controlled substance, but it refused to expunge the conviction for unlawful use of a weapon. According to the circuit court, the conviction for unlawful use of a weapon was "a weapon's [sic] offense" and was ineligible for expungement under the constitutional provision.

**Analysis**

Article XIV, section 2.10(7)(a)c permits an incarcerated individual to petition for expungement. That individual must be

> serving a sentence for a *marijuana offense* which is a misdemeanor, a class E felony, or a class D felony, or successor designations, involving possession of three pounds or less of marijuana, excluding offenses involving distribution or delivery to a minor, any offenses involving violence, or any offense of operating a motor vehicle while under the influence of marijuana.

*Id.* (emphasis added). In his sole point relied on, C.S. argues the circuit court erred by finding the charge against him of unlawful use of a weapon did not constitute "a marijuana offense" under article XIV, section 2.10(7)(a)c.

Although "marijuana" is defined as expected in article XIV, section 2.2(13), the phrase "marijuana offense" is left undefined. The principal opinion relies on the definition of "offense" as "an infraction of the law," and I agree with that assessment. Section 556.026[1] clearly provides: "No conduct constitutes an offense or infraction unless made so by this code or by other applicable statute." Certain conduct can become an "offense" if

---

[1] All statutory references are to RSMo 2016, unless otherwise indicated.

3

so defined by the legislature.  The only natural interpretation of "marijuana offense" is conduct that has become an infraction of the law due to the involvement of marijuana, as that substance is specifically defined in article XIV, section 2.2(13), in that conduct.  In other words, if the legislature has included "marijuana" in how it has chosen to define an offense, that offense is a "marijuana offense."[2]

---

[2] This understanding of "marijuana offense" in the context of the expungement provision follows the overall purpose of the constitutional amendment.  One of the stated purposes of article XIV, section 2 "is to make marijuana legal under state and local law for adults twenty-one years of age or older."  Part of the amendment's "intent is to prevent arrest and penalty for personal possession and cultivation of limited amounts of marijuana by adults twenty-one years of age or older."  For past offenses, the amendment's expungement provisions provide a mechanism for removing those penalties.  All of section 2, including the expungement provisions, is to "be interpreted in accordance with the purpose and intent" of marijuana legalization and preventing penalty for personal possession.  Mo. Const. art. XIV, sec. 2.1.

  This understanding of "marijuana offense" also gives meaning to the phrase as used elsewhere in article XIV.  For example, section 2.10(8)(a) provides:

  > For all class A, class B and class C, or successor designations, felony *marijuana offenses*, and for all class D, or successor designation, felony *marijuana offenses* for possession of more than three pounds of marijuana, the circuit courts of this state shall order expungement of criminal history records upon the completion of the person's incarceration, including any supervised probation or parole.

(Emphasis added).  This provision permits expungement for serious felonies.  Under the narrow scope of the phrase "marijuana offense" advanced in the principal opinion, it is difficult to envision how this provision would be effective.  At a minimum, the definition of "marijuana offense" proposed in the principal opinion, which includes a threshold of three ounces of marijuana, *Slip Op.* at 10, is at odds with the plain text of section 2.10(8)(a), which entails a "marijuana offense" to include possession of more than three pounds of marijuana.

  As another example, section 2.4(12)(c), which concerns qualifications for a marijuana microbusiness license, sets as one qualification: "Be a person who has been, or a person whose parent, guardian or spouse has been arrested for, prosecuted for, or convicted of a non-violent *marijuana offense*, except for a conviction involving provision of marijuana to a minor, or a conviction of driving under the influence of marijuana." (Emphasis added).  By specifying those two exceptions, the text of section 2.4(12)(c) demonstrates that providing marijuana to a minor and driving under the influence of

4

As relevant to C.S.'s petition, the constitutional provision then narrows the scope of which "marijuana offenses" are eligible for expungement. The offense must be a misdemeanor, a class E felony, or a class D felony (or successor designations). Mo. Const. art. XIV, sec. 2.10(7)(a)c. The offense cannot involve possession of marijuana in excess of three pounds. *Id.* Finally, the offense cannot fall into three groups: (1) "offenses involving distribution or delivery to a minor;" (2) "offenses involving violence;" or (3) the narrow "offense of operating a motor vehicle while under the influence of marijuana." The understanding of "marijuana offense" listed above, confined by the carveouts listed in this paragraph, comports with the language put before voters, i.e., whether the constitution should be amended to "allow persons with certain marijuana-related non-violent offenses to petition for release from incarceration or parole and probation and have records expunged."

C.S. pleaded guilty to violating section 571.030. He was charged with knowingly possessing a firearm while also possessing more than 35 grams of marijuana. Section 571.030.1(11) provides that an individual commits the offense of unlawful use of a weapon if he or she "[p]ossesses a firearm while also knowingly in possession of a controlled substance that is sufficient for a felony violation of section 579.015." A felony violation of section 579.015, in turn, requires possession of more than 35 grams of marijuana. Given that the offense, as charged, necessarily relies on the possession of marijuana, it is undoubtedly a "marijuana offense."

---

marijuana are "marijuana offenses." Conviction for those marijuana offenses, however, would make an applicant ineligible for a marijuana microbusiness license.

5

Because the offense was a "marijuana offense," the additional qualifications in article XIV, section 2.10(7)(a)c must be examined. The offense was a class E felony. As the circuit court correctly found, C.S. possessed less than 3 ounces of marijuana, approximately 0.2 pounds—far less than three pounds. Finally, the combination of possessing a firearm and less than three ounces of marijuana does not fall into any of the three prohibited groups of offenses cited above (offenses involving distribution or delivery to a minor, involving violence, or operating a motor vehicle while under the influence of marijuana).

The principal opinion incorrectly confines the natural expansive reading of the phrase "marijuana offense" by utilizing the "limitations" of article XIV, section 2.3. Specifically, the principal opinion finds simultaneous possession of marijuana and a firearm is "[c]onduct that endangers others" and, consequently, expungement cannot occur. In my view, this argument fails.

First, the "limitations" provision does not apply to the expungement provision. Article XIV, section 2.3 contains a list of "limitations" pertaining to section 2. It provides: "Except as otherwise provided in this Article, this section does not preclude, limit, or affect laws that assign liability relative to, prohibit, or otherwise regulate: … [c]onduct that endangers others[.]" Mo. Const. art. XIV, section 2.3(1)(j). Such a limitation is irrelevant to the expungement provision. Expungement in article XIV, section 2.10(7)(a)c entails restoration of one who successfully petitions the sentencing court "to the status the person occupied prior to such arrest, plea or conviction and as if such event had never taken place." This is a personal right granted to those currently incarcerated, and the ability to petition

for expungement has nothing to do with "laws that *assign liability* relative to, *prohibit*, or otherwise *regulate*" any conduct. *See* Mo. Const. art. XIV, section 2.3(1) (emphasis added). Those referenced laws remain in full operation and effect. The "limitations" provision appears to apply prospectively and is meant to grant the legislature the ability to craft laws or continue to employ laws that fall within specific categories. The "limitations" provision was not meant to hamper the broad grant of the ability to expunge certain offenses.

Moreover, if the "limitations" provision extended to the expungement provision, as the principal opinion posits, there would be no reason to exclude the offenses specifically enumerated therein. Offenses involving distribution or delivery to a minor, offenses involving violence, and operating a motor vehicle while under the influence are all obviously examples of offenses involving conduct that endangers others. It would be curious for the expungement provision of Amendment 3 to have been drafted with three exclusions if such text was unnecessary, as it would be under the principal opinion's interpretation. *See Buechner v. Bond*, 650 S.W.2d 611, 613 (Mo. banc 1983) ("Words used in constitutional provisions must be viewed in context; their use is presumed intended, and not meaningless surplusage.").[3]

Second, *if* the "limitations" provision applies, the primary purpose of section 571.030.1(11) is not necessarily to prohibit conduct that endangers others, as the principal

---

[3] Alternatively, the "limitations" provision would not apply to the expungement provisions because the "limitations" provision is inapplicable "as otherwise provided in [the] Article." Mo. Const. art. XIV, sec. 2.3(1). The expungement provisions' own list of exclusions demonstrates those provisions are self-contained from limitations specified elsewhere.

7

opinion holds. A person can commit the offense of unlawful use of a weapon through 11 means. Section 571.030.1. One manner is by "[p]ossess[ing] a firearm while also knowingly in possession of a controlled substance that is sufficient for a felony violation of section 579.015." Section 571.030.1(11). As referenced by the principal opinion, Senate Bill No. 656 ("SB656") enacted section 571.030.1(11) in 2014. Subdivision (11) of subsection 1 of that statute—establishing the offense of unlawful use of a weapon by knowingly "[p]ossess[ing] a firearm while also knowingly in possession of a controlled substance that is sufficient for a felony violation"—was added to the *preexisting* list of 10 other means of committing the offense. While some other preexisting methods of committing the offense very clearly involve conduct that endangers others, as referenced in the principal opinion, the same is not inherently true of subdivision (11), which relies on the possession of marijuana in excess of a certain amount. Whatever specific purpose the legislature was attempting to accomplish,[4] it was likely not taking the unreasonable stance of classifying conduct as generically endangering others or not based on miniscule adjustments above or below a set amount.

Third, even if the purpose of section 571.030.1(11) is to prohibit conduct that endangers others, the enactment of Amendment 3 fundamentally changes the calculus. By reference to section 579.015, when marijuana is the substance being possessed for the

---

[4] As originally introduced, SB656 addressed changes to training requirements for concealed carry permits. As finally passed, SB656 covered topics including open carry, corporate security advisors, school protection officers, health care professionals and firearms, concealed carry permits, firearm possession and housing authorities, and disarming a police officer.

8

purpose of section 571.030.1(11), a felony occurs only when that possession is in excess of 35 grams. Thirty-five grams is equivalent to approximately 1.2 ounces. Amendment 3, however, decriminalized possession of three ounces or less of marijuana by a person at least 21 years old. Mo. Const. art. XIV, sec 2.10(1)(a). While personal use of marijuana is subject to limitations, Mo. Const. art. XIV, sec 2.3, no limitation overcomes the right of *mere possession* of that quantity of marijuana by an individual 21 or older outside of certain sensitive areas. Some portion of section 579.015 must yield, and that must impact section 571.030.1(11).

More importantly, under article XIV, section 2.10(12), "No person shall be denied their rights under Article 1 [sic], Section 23 of the Missouri Constitution, solely for conduct that is permitted by this section." Article I, section 23 provides, in relevant part, "[t]hat the right of every citizen to keep and bear arms, ammunition, and accessories typical to the normal function of such arms, in defense of his home, person, family and property … shall not be questioned." As a matter of state law, a plausible interpretation of these provisions permits an individual over 21 outside of certain sensitive areas to simply possess 3 ounces or less of marijuana with a firearm. Any restriction of the right of Missourians under article I, section 23 is subject to strict scrutiny. *Id.* I would question whether the legislature would be able to fully limit the simultaneous possession of a constitutionally legal quantity of marijuana and a firearm under the guise of regulating conduct endangering others when the legislature could more narrowly target consuming or acting under the influence of marijuana while possessing a firearm.

9

In finding that C.S.'s offense is a "marijuana offense," I believe a remand to the circuit court is appropriate. The circuit court erroneously determined C.S.'s conviction under section 579.030.1(11) was not a "marijuana offense." Because of that erroneous determination, the circuit court failed to reach whether there was good cause for denial. *See* Mo. Const. art. XIV, sec. 2.10(7)(a)c ("Such expungement from all government records shall be granted for all of the person's applicable marijuana offenses, absent good cause for denial.")

_____
Robin Ransom, Judge

10